# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN DALLI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | CASE NO. EDCV 17-2437 SS<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.
## INTRODUCTION

Kathleen Dalli ("Plaintiff") brings this action seeking to overturn the decision of the Acting Commissioner of Social Security (the "Commissioner" or "Agency") denying her application for Supplemental Security Income ("SSI"). The parties consented pursuant to 28 U.S.C. § 636(c) to the jurisdiction of the undersigned United States Magistrate Judge. (Dkt. Nos. 11-13). For the reasons stated below, the decision of the Commissioner is

REVERSED, and this case is REMANDED for further administrative proceedings consistent with this decision.

## II.

### THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents the claimant from engaging in substantial gainful activity and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing work previously performed or any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an Administrative Law Judge ("ALJ") conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

|   |     |                                                          |
|---|-----|----------------------------------------------------------|
| 1 | (3) | Does the claimant's impairment meet or equal one of the  |
| 2 |     | specific impairments described in 20 C.F.R. Part 404,    |
| 3 |     | Subpart P, Appendix 1? If so, the claimant is found      |
| 4 |     | disabled. If not, proceed to step four.                  |
| 5 | (4) | Is the claimant capable of performing his past work? If  |
| 6 |     | so, the claimant is found not disabled. If not, proceed  |
| 7 |     | to step five.                                            |
| 8 | (5) | Is the claimant able to do any other work? If not, the   |
| 9 |     | claimant is found disabled. If so, the claimant is found |
| 10|     | not disabled.                                            |

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001); 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-(g)(1).

The claimant has the burden of proof at steps one through four and the Commissioner has the burden of proof at step five. Bustamante, 262 F.3d at 953-54. Additionally, the ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry. Id. at 954. If, at step four, the claimant meets his or her burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"), age, education, and work experience. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). The Commissioner may do so by the testimony of a vocational expert ("VE") or by

reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and non-exertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a VE. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000) (citing Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988)).

## III.

## THE ALJ'S DECISION

The ALJ employed the five-step sequential evaluation process and concluded that Plaintiff was not disabled within the meaning of the Act. (AR 18-25). At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since November 9, 2013, the application date. (AR 20). At step two, the ALJ found that Plaintiff's obesity, hypertension, and remote history of bilateral carpal tunnel release in 2003 are medically determinable impairments. (AR 20). Nevertheless, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore [Plaintiff] does not have a severe impairment or combination of impairments." (AR 20-24). Accordingly, the ALJ did not conduct any of the additional analysis of the five-step evaluation. Furthermore, the ALJ concluded that

Plaintiff has not been under a disability, as defined by the Act, since November 9, 2013, the application date. (AR 24-25).

**IV.**

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. "[The] court may set aside the Commissioner's denial of benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1097); see also Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720 (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." (Id.). To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-

21 (citing Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995)).

**V.**

**DISCUSSION**

Plaintiff contends that the ALJ erred at step two by finding that her carpal tunnel syndrome was a non-severe impairment. (Dkt. No. 19 at 4-8). The Court agrees.

By its own terms, the evaluation at step two is a de minimis test intended to weed out the most minor of impairments. See Bowen v. Yuckert, 482 U.S. 137, 153-54 (1987) (O'Connor, J., concurring); Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001) ("We have defined the step-two inquiry as a de minimis screening device to dispose of groundless claims."). Further, at step two, "the ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe." Smolen, 80 F.3d at 1290 (citation omitted); see SSR 85-28. An impairment is not severe "only if the evidence establishes a slight abnormality that has not more than a minimal effect on an individual's ability to work." Smolen, 80 F.3d at 1290 (citation omitted). "Thus, applying [the Court's] normal standard of review to the requirements of step two, [the Court] must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or

combination of impairments." Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005).

According to the Commissioner's regulations, "[a]n impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1522(a), 416.922(a). "Basic work activities are abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." Smolen, 80 F.3d at 1290 (citation omitted); see 20 C.F.R. §§ 404.1522(b), 416.922(b); SSR 85-28. Nevertheless, the Commissioner has emphasized that "[g]reat care should be exercised in applying the not severe impairment concept." SSR 85-28, at *4. Accordingly, if the ALJ is "unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step." Id. (emphasis added). Instead, the sequential evaluation process should continue through steps three, four, and five to "evaluate the individual's ability to do past work, or to do other work based on the consideration of age, education, and prior work experience." Id.

Here, the ALJ applied more than a de minimis test at step two when she determined that Plaintiff's carpal tunnel syndrome is non-severe. To reach this non-severity finding, the ALJ overlooked medical evidence regarding the effects of Plaintiff's carpal tunnel

syndrome. Despite undergoing bilateral carpal tunnel release in 2003, Plaintiff consistently complained during the relevant time frame of continuing pain, numbness, and tingling in her hands. (AR 297-98, 307-08, 314-19, 320-22, 329). Her physicians have not suggested that Plaintiff is malingering. On February 10, 2014, the psychiatric consultative examiner assessed carpal tunnel syndrome and pain, but deferred to the appropriate specialist for further analysis. (AR 301). On February 14, 2014, the orthopedic consultative examiner observed positive Phalen's and Tinel's signs bilaterally.[1] (AR 309). The CE diagnosed bilateral carpal tunnel syndrome status post bilateral carpal tunnel releases and opined that Plaintiff is limited to performing postural activities and manipulative activities with her upper extremities on only a frequent basis. (AR 311). In April and June 2014, Plaintiff's treating physician noted bilateral hand numbness and weakness. (AR 314, 316). In June 2014, Plaintiff presented with positive Phalen's and Tinel's signs. (AR 315). Her physician assessed bilateral carpal tunnel syndrome with chronic, uncontrolled pain. (AR 315). In February 2016, Plaintiff's treating physician noted pain in Plaintiff's wrists, bilaterally, assessed carpal tunnel syndrome, and referred her to orthopedics. (AR 320-22). In April

---

[1] "Phalen's maneuver is a diagnostic test for carpal tunnel syndrome." <https://en.wikipedia.org/wiki/Phalen_maneuver> (last visited Aug. 22, 2018). "Tinel's sign is a way to detect irritated nerves. . . . [I]n carpal tunnel syndrome where the median nerve is compressed at the wrist, Tinel's sign is often 'positive' causing tingling in the thumb, index, middle finger and the radial half of the fourth digit." <https://en.wikipedia.org/wiki/Tinel%27s_sign> (last visited Aug. 22, 2018).

8

2016, Plaintiff presented with paresthesia.[2] (AR 329). Her physician assessed limb pain and paresthesia. (AR 330). An electromyogram (EMG) and nerve conduction study was performed, which revealed mild bilateral median motor and sensory neuropathies at the wrists and evidence of mild chronic denervation. (AR 332-34).

The Commissioner contends that the ALJ properly relied on the State agency physicians' assessments, who found that Plaintiff has no severe impairments. (Dkt. No. 20 at 2-3); (see AR 24, 53-61, 64-72). However, the State agency consultants made their evaluations in February and April 2014, prior to the medical evidence from Plaintiff's treating physicians, as discussed above, being added to the medical record. Therefore, the ALJ's decision to give "great weight" to the State agency consultants' opinions was error because their opinions were based on an incomplete record. See Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003) ("The ALJ always has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered even when the claimant is represented by counsel.") (citation and ellipses omitted).

---

[2] "Paresthesia refers to a burning or prickling sensation that is usually felt in the hands, arms, legs, or feet, but can also occur in other parts of the body. . . . Chronic paresthesia is often a symptom of an underlying neurological disease or traumatic nerve damage." <https://www.ninds.nih.gov/Disorders/All-Disorders/Paresthesia-Information-Page> (last visited Aug. 22, 2108).

Because a step-two evaluation is to dispose of "groundless claims," and the evidence here established that Plaintiff suffered from significant nerve damage in her hands, the ALJ erred by finding Plaintiff's carpal tunnel syndrome to be "non-severe." This is not the "total absence of objective evidence of severe medical impairment" that would permit us to affirm "a finding of no disability at step two." Webb, 433 F.3d at 688 (reversing a step-two determination "because there was not substantial evidence to show that Webb's claim was 'groundless' "). The evidence in the record was sufficient for the ALJ to conclude that Plaintiff's carpal tunnel syndrome was a severe impairment at step two under the de minimis test.

For the foregoing reasons, the matter is remanded for further proceedings.[3] On remand, the ALJ must evaluate Plaintiff's carpal tunnel syndrome as a severe impairment at step-two and include limitations imposed by Plaintiff's carpal tunnel syndrome in the ALJ's overall evaluation of Plaintiff. The ALJ must consider the impact of Plaintiff's carpal tunnel syndrome on her RFC.

---

[3] Plaintiff also argues that ALJ improperly rejected her subjective symptom testimony. (Dkt. No. 19 at 8-11). However, it is unnecessary to reach Plaintiff's arguments on this ground, as the matter is remanded for the alternative reasons discussed at length in this Order.

# VI.
# CONCLUSION

Accordingly, IT IS ORDERED that Judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: August 22, 2018

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS OR ANY OTHER LEGAL DATABASE.**